**UNITED STATES DISTRICT COURT**

**DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| Mary M. Murphy, individually and as conservator for her minor children, W. M. and L. M., | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:12-cv-2198 JWS |
| vs. | ) ) | ORDER AND OPINION |
| Farmers New World Life Ins. Co., | ) ) | [Motions at dockets 94 and 97] |
| Defendant. | ) ) ) | |

## I. MOTIONS PRESENTED

At docket 94, defendant Farmers New World Life Insurance Company ("Farmers") moves for a protective order preventing plaintiff Mary M. Murphy ("Murphy") from taking a second deposition of Brian Tyler ("Tyler"). Murphy's response is at docket 98. Farmers replies at docket 110.

At docket 97, Tyler moves to quash the subpoena for his attendance at the second deposition. Murphy's response is at docket 99. Tyler has not filed a reply.

Oral argument would not assist the court with respect to either motion.

## II. BACKGROUND

Farmers issued Murphy's deceased husband Richard Murphy ("Richard") two term life insurance policies, identified as policy number 006410272 and policy number

006628178 (collectively "the Policies").  Murphy and her minor children were named as beneficiaries.  The Policies were sold to Richard by Tyler, an agent for Farmers. Richard passed way on November 1, 2011.  Farmers declined to pay the Policies' death benefits.  In her complaint Murphy makes various allegations against Farmers, including bad faith post-claim underwriting.  Murphy pleads claims against Farmers for breach of contract, negligence, and insurance bad faith.  Murphy's complaint was filed in state court, but timely removed to this court by Farmers on the basis of diversity jurisdiction. Farmers' answer  denies liability on all Murphy's claims.

At Tyler's July 24, 2013, deposition, Farmers' lawyer instructed Tyler not to answer questions about communications between them which took place at a meeting ("Meeting") prior to the deposition.  The basis for the instruction was a "joint defense agreement" between non-party Tyler and defendant Farmers.  According to Farmers' counsel, after the deposition Murphy's lawyer asserted the joint defense agreement was invalid.  To avoid litigating the validity of the agreement, Farmers' counsel says he agreed Tyler could be deposed a second time, but only with respect to the Meeting. Murphy's counsel says Farmers' counsel agreed that Tyler could be re-deposed with no subject matter limitation, but *if* the second deposition involved only questions about the Meeting, defense counsel would pay for the court reporter's services.

### III.  DISCUSSION

**A.  Motion at docket 94**

Where there is an agreement for a second deposition, there is no need for a court to approve it, but absent an agreement, a second deposition requires leave of

court.[1]  If Farmers' lawyer accurately recounts the agreement between counsel then absent a court order, Tyler's second deposition would be limited to questions about the Meeting.  If Murphy's lawyer is correct, then the second deposition could proceed without subject matter limitation pursuant to the agreement he contends was reached.[2] For purposes of the pending motions, the court finds it unnecessary to resolve the question of which lawyer is more accurately recounting their discussions following the first Tyler deposition, for this dispute has not arisen in a vacuum.

The dispute arises in the following context: Murphy filed a motion to sanction Farmers for fabricating evidence,[3] a motion for an order requiring Farmers to show cause why it should not be sanctioned for spoliation of evidence,[4] and a motion to compel production of a deposition memorandum shown to Tyler before the first deposition.[5]  Faced with a need to respond fully brief these motions, the parties stipulated in a motion prepared and filed by Farmers' counsel to an extension of time for the filing responses.  The stipulation advised the court: "The purpose for the extension of time is to permit the parties to conduct the deposition of [Tyler], whose testimony may assist in the preparation of the Responses to the Motions."[6]  It is evident that of two of the three motions involve topics well beyond the joint defense agreement,

---

[1]Fed. R. Civ. P. 30(a).

[2]*See* Fed. R. Civ. P. 30(b)(2)(A)(I).

[3]Doc. 71.

[4]Doc. 72.

[5]Doc. 73.

[6]Doc. 81 at p. 2.

and thus reflect the parties joint view and representation to the court that Tyler needs to be deposed again to assure "full and adequate"[7] briefing on motions which raise very serious questions.

In this context, the court first notes that Rule 30(a)(2) requires the court to grant leave for a second deposition to the extent that doing so is consistent with Rule 26(b)(2).  Here, it is subsection (c) of that rule which is in point.  In the rule, the court is directed to limit the frequency of discovery–here meaning a second Tyler deposition–in three circumstances.  First, the second deposition should not be allowed if it would be "unreasonably cumulative or duplicative."[8]  Because the parties have jointly represented to the court that the second deposition is necessary to a fully informed disposition of Murphys's pending sanction motions, the court concludes that a second deposition would not be unreasonably cumulative or duplicative.

Next, the rule directs that the second deposition should not proceed if the party seeking discovery has already had an ample opportunity to obtain the information sought.[9]  Again, the parties' stipulation belies the proposition that the first deposition provided ample opportunity to discover the information relevant to Murphy's motion for sanctions.

Finally, the rule directs the court to deny leave for the re-deposition if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs

---

[7]*Id.*

[8]Fed. R. Civ. P. 26(b)(2)(C)(i).

[9]Fed. R. Civ. P. 26(b)(2)(C)(ii)

of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues."[10]   Here the burden and expense to the parties involved in conducting a single deposition are not very significant.  On the other hand, the likely benefits of the discovery appear to be quite significant:  The needs of the case may include imposition of serious sanctions if Murphy establishes Farmers fabricated or destroyed evidence as contended in her first two motions, the amount in controversy is substantial given the very sizable death benefits, the party now resisting the second deposition indubitably commands sizable resources, the issues at stake in the action are important, and the discovery sought must be assumed to be important by virtue of the parties' stipulation.

In its reply Farmers asserts that Tyler could have no information relevant to what it describes as Murphy's false accusation that Farmers fabricated evidence.  Perhaps that is so, but there is no way for the court to determine if that is true on the existing record.  Murphy has also alleged that Tyler despoiled evidence for which Farmers is responsible.  With respect to that claim, Farmers' reply simply asserts that it cannot be liable for such conduct unless it directed Tyler to do so.  The court has no way of knowing what, if anything, Farmers directed Tyler to do, but Tyler would.  Farmers reply also argues that given the written discovery which preceded the first Tyler deposition, there is nothing to be gained by deposing Tyler respecting the "regenerated billing statements" which recently came to light.  Farmers says Tyler could have nothing to say about them.  However, it is not clear to the court what relationship there may be

---

[10]Fed. R. Civ. P. 26(b)(2)(C)(iii).

between the regenerated statements and the documents produced before the Tyler deposition.  If there are discrepancies, Tyler's testimony could be very significant with respect to the importance of the recently generated documents.

In conclusion, the court finds that it is consistent with Rule 26(b)(2) to authorize a second Tyler deposition.  That being so the court "must grant leave."[11]  Tyler may be deposed without the limitations Farmers contends are appropriate.

**B.  Motion at docket 97**

Tyler incorporates Farmers' briefing to support his request that his deposition notice be quashed.  The court has addressed that matter above.  Tyler also points to the inconvenience and expense involved, for he would have to travel to Phoenix for the deposition.  Finally, Tyler points to the fact that Murphy has not tendered witness fees and mileage fees.

With respect to the inconvenience resulting from travel to Phoenix, the court notes that Mr. Tyler's business address is in Scottsdale, Arizona.  Thus, even if he is now spending most of his time in Show Low, Arizona, it does not seem unreasonable to require him to attend a deposition in Scottsdale, Arizona.

In Murphy's response, her lawyer confirms that the witness fee and mileage fee have now been tendered to Tyler.  While it was inappropriate not to have done so originally, this action has cured the problem.

---

[11]Fed.R. Civ. P. 30(a)(2).

## IV.  CONCLUSION

For the reasons above, the motions at dockets 94 and 97 are DENIED.

DATED this 12th day of May 2014.


_____
/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE