UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Mary M. Murphy, individually and as conservator for her minor children, W. M. and L. M. | ) ) ) ) | |
| Plaintiffs, | ) ) | 2:12-cv-2198 JWS |
| vs. | ) ) | ORDER AND OPINION |
| Farmers New World Life Ins. Co., | ) ) | [Motion at docket 93] |
| Defendant. | ) ) | |

## I.  MOTION PRESENTED

At docket 93, plaintiff Mary M. Murphy ("Murphy") asks the court to strike defendant Farmers New World Life Insurance Company ("Farmers") supplemental witness list.  The time for responding has passed, and Farmers has not filed a response.

## II.  BACKGROUND

The parties are generally familiar with the facts and circumstances giving rise to this litigation.  Readers not familiar with the case may wish to read the court's order at docket 113.  Of particular relevance to the pending motion is the court's Scheduling and Planning Order at docket 12.  That order set out a carefully crafted series of deadlines

using input provided by the parties. With respect to filing final witness lists it provided the following:

> G. A final witness list, disclosing all lay and expert witnesses whom a party may wish to call at trial, shall be served and filed not later than October 1, 2013. Only those witnesses disclosed in a timely filed witness list will be permitted to testify at trial.

Various of the deadlines established in the scheduling order, including the date for the final witness lists, were extended in a series of stipulations between the parties, which were approved by the court. The last order extending the time for final witness lists and certain other tasks was entered on March 4, 2014.[1] It extended the deadline for final witness lists to April 18, 2014. Murphy timely filed and served her final witness list on April 18, 2014, at docket 88. It is now June and Farmers has not filed a final witness list. However, Murphy asserts that on April 21, 2014, Farmers served Murphy with a "supplemental" witness list which was not filed. It is that served but unfiled witness list which is the subject of the pending motion.

### III.  DISCUSSION

This court has used a Scheduling and Planning Order which, in relevant part, is substantially identical to the one used in this case since 1992. If in the subsequent 21 plus years, any party other than an individual proceeding *pro se* has ever completely disregarded the requirement to file a final witness list, it escapes the court's memory. Of course, the purpose of scheduling orders is to ensure the orderly development of the litigation and an orderly trial process. Such orders are one of the chief mechanisms by which trial judges discharge their duty to apply the Federal Rules of Civil Procedure so

---

[1]Doc. 65.

as "to secure the just, speedy, and inexpensive determination of every action and proceeding."[2]  The date for serving and filing final witness lists is, as here, always set well before the close of discovery.  That sequence ensures that a party will have an opportunity to depose any person who may be called to testify at trial.  Here, under the terms of the Scheduling and Planning Oder, Farmers' disregard of its obligation to timely file a final witness list leaves it in the awkward position of being unable to call any witness to testify at trial, although it would still be entitled to cross-examine witnesses called by Murphy.

Turning to Murphy's motion, the court notes that there is nothing to strike from the record, because Farmers has not filed the "supplemental witness list."  Thus, the motion at docket 93 must be denied.  However, the motion has served the purpose of alerting the parties and the court to the problem confronting Farmers.

## IV.  CONCLUSION

For the reasons above, the motion at docket 93 is **DENIED**; and

**IT IS FURTHER ORDERED** that within 14 days Farmers' shall show good cause why it should not be foreclosed from calling any witnesses at trial for failure to file a timely final witness list.

DATED this 5th day of June 2014.

/S/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

---

[2] Fed. R. Civ. P. 1.